**Cullen | Dykman**

Cullen and Dykman LLP
80 State Street, Suite 900
Albany, New York 12207

**CHRISTOPHER E. BUCKEY**
**PARTNER**
DIRECT: (518) 788-9406
CBUCKEY@CULLENLLP.COM

May 8, 2024

**VIA ECF-PACER**
Magistrate Judge Miroslav Lovric
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

      Re:    *Adirondack Trust Company v. Maha Laxmi Corp., et. al.*
            1:21-cv-01334-DNH-ML (N.D.N.Y.)

Dear Judge Lovric:

This firm represents Plaintiff Adirondack Trust Company ("ATC") in the above-referenced matter. We write to provide the Court with a status report regarding the pending discovery disputes discussed during the April 15, 2024 conference with the Court and to respectfully request a two-week extension to the May 13, 2023 deadline for ATC to file a motion for a protective order and a motion to compel (*see* ECF No. 86). ATC submits this status report and adjournment request without the consent of Defendants because the parties could not agree as to whether a status report is necessary or as to the content of a written submission to the Court.

As discussed in more detail below, counsel for the parties met and conferred regarding these disputes on May 1, 2024 (the "Meet and Confer") and appear to have reached compromises for two of the three disputes.

## I.    DEFENDANTS' MOTION TO COMPEL

As the Court is aware, on April 5, 2024, Defendants filed their motion to compel ATC to produce certain documents listed on ATC's privilege log (ECF Nos. 81–81-12) for which ATC's opposition papers are due on May 10, 2024 (ECF No. 86). Defendants contend that they are entitled to communications among Edward Connell, ATC's Vice-President, Collections Manager and In-House Counsel, and counsel for the United States Small Business Administration ("SBA") and Mr. Connell's internal emails related to this litigation.

Following the Meet and Confer, ATC proposed to resolve this dispute as follows: (1) ATC will produce to Defendants approximately 180 emails between Mr. Connell and SBA's counsel; (2) ATC will submit approximately 1,045 of Mr. Connell's internal emails and attachments to the Court, or a special master appointed by the Court, for review and a determination as to whether the emails and attachments are privileged; and (3) Defendants will withdraw their motion to compel (ECF Nos. 81–81-12).

Defendants have rejected ATC's proposal. Accordingly, ATC will file its opposition to Defendants' motion to compel on May 10, 2024.

## II.    ATC's POTENTIAL MOTION FOR A PROTECTIVE ORDER

As the Court is also aware, ATC objected to Defendants' request to take the depositions of Charles V. Wait, Sr., ATC's Chairman of the Board, Charles V. Wait, Jr., Esq., ATC's Chief Executive Officer and President, and Natalie I. Wait, Esq., ATC's former Vice-President, Regulatory Affairs, as improper "Apex" depositions (ECF No. 79). By text order dated April 16, 2024, this Court granted ATC permission to file a motion for a protective order relating to these depositions on or before May 13, 2024 (ECF No. 86).

Following the Meet and Confer, the parties have preliminarily agreed that Defendants will first take the depositions of Mr. Connell, Edward Hart, Senior Vice-President, Michael O'Connell, Executive Vice-President and Michael Murray, Vice-President. Defendants will reserve their right to seek to depose Mr. Wait, Sr., Mr. Wait, Jr., and Ms. Wait following these initial depositions and ATC will reserve its right to seek a protective order precluding the additional depositions.

ATC respectfully requests that the Court extend the deadline for ATC to file its motion for a protective order to May 27, 2024, which will allow the parties to finalize the terms of this agreement.

## III.    ATC's POTENTIAL MOTION TO COMPEL

In its April 15, 2024 Rule 37.1 letter (ECF No. 83), ATC requested permission to file a motion to compel Defendants to provide an adequate alleged damages disclosure and to compel Defendants to sufficiently respond to ATC's document requests. In the April 16, 2024 text order, the Court granted ATC permission to file that motion on or before May 13, 2024 (ECF No. 86).

The parties extensively discussed the issues related to ATC's potential motion to compel, both during the Meet and Confer and in subsequent emails. Defendants have preliminarily agreed to supplement their damages disclosure and their responses to Plaintiff's First Set of Interrogatories on or before June 21, 2024. Pursuant to this preliminary agreement, Defendants will identify the

categories of alleged damages and losses and will do so on a Defendant-by-Defendant basis. ATC will reserve its right to seek to compel the supplementation of the damages if ATC contends that the supplemental disclosures are inadequate.

Additionally, Defendants have preliminarily agreed to produce a categorical privilege log on or before June 21, 2024. ATC will reserve its right to seek to compel supplementation of that privilege log if ATC contends it is inadequate.

Finally, on May 7, 2024, Defendants served a supplemental document production in response to ATC's document requests. ATC will expeditiously examine that supplemental production to determine if any of the deficiencies identified in the April 15, 2024 Rule 37.1 letter remain uncured.

ATC respectfully requests that the Court extend the deadline for ATC to file its motion to compel to May 27, 2024, which will allow the parties to finalize the terms of the agreement related to ATC's potential motion to compel and will allow ATC to fully examine the supplemental production served by Defendants on May 7, 2024.

Please contact me if the Court has any questions.

Respectfully,

Christopher E. Buckey

cc:     All Counsel of Record (via ECF-PACER)