UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ADIRONDACK TRUST COMPANY,

                Plaintiff,

v.

MAHA LAXMI CORP., MAHA LAXMI II CORP., JAGDAMBA INC., JAGDAMBA II CORP., JAGDAMBA III CORP., JAGDAMBA V CORP., JAGDAMBA VI CORP., NORTHEAST DINING & LODGING, INC., POUGHKEEPSIE GC, INC., SYRACUSE GC, INC., NIRAL A. PATEL, and NIRMALA A. PATEL,

                Defendants.

1:21-cv-01334-DNH-ML

**[PROPOSED]**
<u>**PROTECTIVE ORDER**</u>

U.S. MAGISTRATE JUDGE MIROSLAV LOVRIC.

The Court having found that good cause exists for issuance of an appropriately tailored protective order governing this action, it is therefore hereby

**ORDERED** that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any information of any kind provided in the course of discovery in this action ("Discovery Material") that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

601.44000 21217660

2. The person producing any Discovery Material may designate as Confidential or Attorneys' Eyes Only such portion of such material as consists of:

    a. financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins);

    b. material relating to ownership or control of any non-public company;

    c. business plans, product development information, or marketing plans;

    d. any information of a personal or intimate nature regarding any individual; or

    e. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential or Attorneys' Eyes Only portions of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portions as Confidential or Attorneys' Eyes Only by stamping or otherwise clearly marking the document, or portion thereof, as "Confidential" or "Attorneys' Eyes Only" in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that the examination calls for Confidential or Attorneys' Eyes Only information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing party realizes that some portion(s) of Discovery Material that was previously produced without limitation should be designated as Confidential or Attorneys' Eyes Only, that party may so designate by so apprising opposing counsel in writing (for which email may suffice), and such designated portion(s) of the

Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Order.

5. Except as modified by Paragraph 7 herein, with respect to documents designated Confidential, no person subject to this Order, other than the producing party, shall disclose any of the Discovery Material designated by the producing party as Confidential to any other person whomsoever, except to:

   a. the parties to this action;

   b. counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned to this matter;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e. any person retained by a party to serve as an expert witness or consulting expert to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   f. stenographers engaged to transcribe depositions conducted in this action;

   g. the Court and its support personnel; and

   h. such other persons that may be authorized by the Court upon motion of either party or upon stipulation of all parties as entered by the Court.

6. Prior to any disclosure of any Confidential or Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 5(d), (e), and (h) above, such person shall be

601.44000 21217660

provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. A heightened level of protection will be afforded to Discovery Material designated as Attorneys' Eyes Only. With respect to Discovery Material designated as Attorneys' Eyes Only, the parties agree as follows:

   a. A designation of Attorneys' Eyes Only may be made by any producing or designating party only after such party has made a good faith determination that the Discovery Material includes or constitutes confidential or proprietary information which, if disclosed to the other party, rather than to its counsel, could result in serious injury or harm to the producing or designating party's interests, including, but not limited to, documents or information containing or referring to trade secrets or other confidential or proprietary information, technical research, design documents, and business or financial information.

   b. Discovery Material designated as Attorneys' Eyes Only may be disclosed only to persons identified in subparagraphs 5 (b), (c), (e), (f), (g), and (h). The parties agree that the person to whom the Attorneys' Eyes Only Discovery Material is disclosed will not use such information or documents for competitive purposes, including, but not limited to, to conceive, create, design, develop, advertise, or sell any products that will compete with the disclosing party.

8. All Confidential or Attorneys' Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Attorneys' Eyes Only Discovery Material, shall be filed under seal with the Clerk of the Court pursuant to this Order without further application being necessary and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

9. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for all affected persons will submit a joint letter to the Court to obtain a ruling.

10. Each person who has access to Discovery Material that has been designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact, circumstances or content of the inadvertent production beyond the information stated in the privilege log.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as Confidential or Attorneys' Eyes Only, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED:

_____

Hon. Miroslav Lovric
United States Magistrate Judge

## **EXHIBIT A**

I, _____, acknowledge that I have read and understand the annexed Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential and/or Attorneys' Eyes Only. I agree that I will not disclose materials designated as Confidential to anyone other than for purposes of this litigation, that I will not disclose materials designated as Attorneys' Eyes Only to anyone other than those listed in paragraph 7(b) of the Protective Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Northern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                    _____
                                                                                      **[SIGNATURE]**